FILED
COURT OF APPEALS
DIVISION II

2015 AUG 11 AM 9: 11

STATE OF WASHINGTON

BY _____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Custody of<br>A.C. and C.C.<br><br>ANGELA DAWN MIRANDA,<br><br>          Appellant/Petitioner,<br><br>v.<br><br>CHRISTOPHER EUGENE CRUVER,<br><br>          Respondent. | No. 46888-3-II<br><br><br><br><br><br>UNPUBLISHED OPINION |

SUTTON, J. — Angela Miranda appeals the trial court's order of a final parenting plan. She argues that the trial court erred by denying her motion to continue the trial. We hold that the trial court abused its discretion by denying Miranda's motion to continue the trial, and we reverse, vacate the trial court's order of a final parenting plan, and remand this case to a different judge for a new trial.[1]

---

[1] Miranda also argues that the trial court abused its discretion in (1) denying the parties' joint motion to appoint a guardian ad litem for the children, (2) finding that she abused the children, (3) failing to consider future risk of harm to the children, (4) awarding primary residential placement to the father, Christopher Cruver, and (5) deciding this case with bias against Miranda. Because we remand for a new trial before a different judge, we do not address these additional claims of error.

## FACTS

Miranda and Christopher Cruver have two children, AC and CC.[2]  In early 2011, Cruver moved to Arizona.  Thomas Bishop moved into Miranda's home with the children in 2011.  The parties did not have a court-ordered parenting plan, but they agreed that the children were to reside with Miranda in Washington.

On June 16, 2014, AC and CC traveled to Arizona to visit Cruver, who was to return them to Miranda on June 30.  At that time the children were 10 and 6 years old.   AC and CC told Cruver about discipline practices used by Miranda and Bishop.  These disclosures concerned Cruver and he reported Miranda for alleged child abuse to Arizona Child Protective Services.  Cruver kept the children with him and did not return them to Miranda as scheduled on June 30.

Miranda moved for and obtained an ex parte restraining order against Cruver on June 30, restraining either party from removing the children from Washington.  Miranda also filed a proposed parenting plan on June 30, designating herself as the primary residential parent. Miranda then flew to Arizona on July 11 and took AC and CC back with her to Washington.

The State petitioned for dependency against Miranda because of the alleged child abuse.  At the shelter care hearing on July 15, 2014, the trial court consolidated the family law and dependency cause numbers and entered a temporary order giving Cruver custody of the children.[3]

---

[2] We refer to the minor children by their initials to protect their privacy.

[3] On July 17, the State dismissed the dependency case following the trial court's temporary order placing AC and CC with Cruver as a suitable parent.

The trial court ordered Cruver and Miranda to return to court on July 31 for a trial on the final parenting plan. On July 31, the parties informed the trial court that they had agreed to continue the case and appoint a guardian ad litem (GAL). However, the trial court denied a continuance and refused to appoint a GAL. The trial court then granted Cruver's request for a two week continuance to allow his counsel time to prepare for trial.

Miranda moved for a second continuance on August 14, the morning of trial, because Cruver had not responded to her June 30 petition for a parenting plan. The trial court denied Miranda's motion.

Following trial, the trial court entered a final parenting plan on September 19, and awarded primary residential placement of both children to Cruver. The trial court limited Miranda's residential time with AC and CC and prohibited mutual decision making between Cruver and Miranda because it found that she and Bishop had "engaged in physical and emotional abuse of the children" under RCW 26.09.191(1), (2)(a)-(b).[4] Clerk's Papers (CP) at 124.

Miranda moved for reconsideration of the final parenting plan. The trial court denied her motion. Miranda appeals.

---

[4] RCW 26.09.191(1), (2)(a)-(b) provide that if the trial court finds a parent has engaged in physical, sexual, or a pattern of emotional abuse or the parent resides with a person who engages in such abuse, the permanent parenting plan "shall not require mutual decision-making" between the parents and the parent's residential time with the child "shall be limited." Because the trial court made findings of abuse, the court limited Miranda's residential time by placing the children with Cruver and required a parenting coach to supervise Miranda's contact with AC and CC until the parenting coach reported that she had learned and demonstrated "the skills to safely parent." Clerk's Papers at 127.

ANALYSIS

Miranda argues that the trial court abused its discretion in holding trial less than two months after she filed her petition for a parenting plan. She argues that her motion for a continuance should have been granted because Cruver had not filed his response to her proposed parenting plan and because there had not been enough time for her to conduct discovery or engage in settlement discussions. She also argues that the trial court violated RCW 25.09.181(7) by entering a final parenting plan less than 90 days after she filed her proposed parenting plan. We agree.

A trial court's decision to deny a motion to continue a trial is reviewed for manifest abuse of discretion. *In re Welfare of A.D.R.*, 185 Wn. App. 76, 85, 340 P.3d 252 (2014). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *In re Marriage of Katare*, 175 Wn.2d 23, 35, 283 P.3d 546 (2012).

Here, the trial court abused its discretion for five reasons. First, at the time of trial Cruver had not yet filed his own proposed parenting plan or responded at all to Miranda's petition. RCW 26.09.181(1) requires that each party file a proposed parenting plan. The trial court had no reason to rush a trial before the positions of both parties were known.

Second, Miranda was denied the opportunity to engage in meaningful discovery. The trial court originally scheduled trial 30 days after Miranda filed her petition. If Miranda had requested written discovery from Cruver, any of his responses would not have been due until 40 days after Miranda served her petition on him. *See* CR 33(a); CR 36(a).

Third, RCW 26.09.181(5) requires that both parents attend a settlement conference if a court rule requires such conferences. In Pierce County, PIERCE COUNTY SUPER. CT. LOCAL SPECIAL PROCEEDINGS RULE (PCLSPR) 94.04(d) provides for mandatory settlement conferences

in cases involving a petition to establish a parenting plan. The trial court proceeded to trial without requiring or even allowing time to hold a settlement conference with Miranda and Cruver.

Fourth, RCW 26.09.181(7) prohibits entry of a "final order or decree" before 90 days after filing and service of the proposed parenting plans. Contrary to Cruver's argument here, no case has held that RCW 26.09.181(7)'s 90 day limitation applies only to dissolution proceedings.[5] The trial in this case was held only 45 days after Miranda filed her petition and the trial court entered its final parenting plan just 80 days after Miranda filed her proposed parenting plan in violation of RCW 26.09.181(7).

Fifth, the trial court had no reason to rush to trial. No exigent circumstances required a trial so soon after Miranda filed her petition. The trial court had already entered a temporary parenting plan removing the children from Miranda's custody. Therefore, the children were not in any danger and the trial court had time to allow the case to proceed on the normal case schedule.

We hold that the trial court abused its discretion by holding trial and entering its final parenting plan. We also hold that on remand this case should be assigned to a different judge. We conclude from the record and the history of this case that because the trial court has already reached conclusions that resolve this dispute, the interests of justice require a remand to a different judge for a new trial.

---

[5] Cruver relies on two cases to argue that the 90 day period is inapplicable here: *In re Marriage of Buecking*, 179 Wn.2d 438, 316 P.3d 999 (2013) and *In re Marriage of Wilson*, 117 Wn. App. 40, 68 P.3d 1121 (2003). *Buecking* analyzed the 90 day period in dissolution proceedings under RCW 26.09.030, not the 90 day period under RCW 26.09.181. *Buecking*, 179 Wn.2d at 443-45. *Wilson* held that the trial court acted within its discretion when it approved an agreed permanent parenting plan before it entered a final decree of dissolution because an agreed permanent parenting plan is not a final order under RCW 26.09.181. *Wilson*, 117 Wn. App. at 46. These cases do not stand for the proposition that the 90 day period applies *only* to dissolution proceedings.

No. 46888-3-II

We reverse, vacate the trial court's order of a final parenting plan, and remand to a different judge for a new trial.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, P.J.

LEE, J.